# THE PORTO RICO FRUIT UNION, Plff.,

*v.*

# THE NEW YORK & PORTO RICO STEAMSHIP COMPANY, Dft.

---

San Juan, Law, No. 1555.

## CONTRACT.

**Assignment of Claims—Illegality Set Up by Plea or Answer.**

1. Where it is claimed by the defendant that numerous holders of claims for damages united in an assignment of these claims to a single plaintiff for the sole purpose of conferring jurisdiction upon this court, and that such assignments are illegal and against public policy, such defense, if it exists, must be presented by a plea or answer and not by motion.

**Assignment of Claims—Claims under $3,000 Illegal.**

2. Where in an action for damages uniting twenty-four causes of action against a single defendant, and it appears that these twenty-four causes of action were originally held by different parties and all assigned to the claimant, such of these claims as were originally for less than $3,000 should be eliminated by reason of the act of Congress which provides that no Federal court shall have cognizance of any suit by an assignee unless such suit might have been prosecuted by the assignor in the absence of an assignment.

**Complaint Anticipating Defense—Struck.**

3. Where a paragraph of a complaint is so drawn as to make it appear clearly that the plaintiff seeks to meet an anticipated defense to the action, such portion of the complaint is properly subject to a motion to strike.

**Contract and Tort—Motion to Strike.**

4. Where it appears that one paragraph of a complaint is so drawn as to be based upon an alleged breach of contract, and another paragraph of the same complaint is so drawn as to make it rest upon a tort, these allegations are inconsistent, and a motion to strike should be granted.

Porto Rico Fruit Union v. New York & P. R. S. S. Co.

Contract—Unnecessary Seal Injures No One.

    5. Where a contract is of a private nature and requires no seal. but the parties see fit to use a seal, and so allege in the complaint, a motion to strike the complaint upon this ground should be denied. The absence of a seal when required may be fatal, but the presence of a seal when not required can do no injury.

Immaterial Allegations—Specified in Motion to Strike.

    6. Where a defendant bases a motion to strike certain paragraphs of the complaint upon the ground that the allegations therein set forth are immaterial and that they are redundant, but no specifications of such alleged immateriality or redundancy are set forth, the motion itself is defective and should be denied.

Opinion filed June 19, 1922.

*Mr. E. B. Wilcox* for plaintiff.

*Messrs. Charles Hartzell* and *Daniel F. Kelley* for defendant.

ODLIN, Judge, delivered the following opinion:

The complaint in this case comprises twenty-four causes of action based upon claims that various persons made contracts on or about June 1, 1921, with the defendant corporation to receive for shipment at San Juan, Porto Rico, and to transport from San Juan to New York certain grape-fruit and pineapples by a steamer advertised to sail from San Juan on June 8. That the defendant broke its contract and delayed the shipment, sending the fruit upon a later steamship, so that the fruit arrived in New York decayed and unmarketable, resulting in loss to the respective fruit growers.

Porto Rico Fruit Union v. New York & P. R. S. S. Co.

It is further alleged that for a valuable consideration each of the shippers mentioned in the several causes of action, twenty-four in number, did sell and assign their several claims for damages by instruments in writing and under seal to the plaintiff, the said Porto Rico Fruit Union, and that these transfers were absolute, and that the plaintiff is now the owner of these causes of action. The plaintiff in its prayer for judgment against the defendant corporation asks for the sum of $37,341.50, being the total of the separate amounts mentioned in each cause of action, and also the costs of this proceeding.

The motion to strike was filed by counsel for the Steamship company on May 1, 1922, and the court is asked in the first paragraph of the motion to order the entire complaint stricken from the files on the ground that it is apparent that all the twenty-four claims set forth in the complaint were assigned to the plaintiff for the sole and only purpose of having the plaintiff bring suit thereon, and therefore these said assignments were and are champertous and illegal and against public policy. The court holds that this motion cannot be granted on the first ground, because it does not appear that these assignments were made to the plaintiff for the sole and only purpose of having plaintiff bring suit thereon. The defendant claims that this is true, but has offered no proof in support thereof. If such defense exists, it must be presented by a plea or answer and not by motion.

When we come to the second ground of the motion, it appears that the defendant asks the court to strike from the complaint twenty-one of the twenty-four causes of action upon the ground that the assignors of the plaintiff could not have brought their actions in this court because the amount claimed in each of the

Porto Rico Fruit Union v. New York & P. R. S. S. Co.

twenty-one causes of action is less than $3,000. This second ground of the motion applies to all of the causes of action except the first and the second and the fifth. The amount asked for in the first cause of action is $6,500; the amount asked for in the second cause of action is $4,950; and the amount asked for in the fifth cause of action is $6,470. The several amounts asked for in the remaining causes of action are less than $3,000 each. This court is clearly of the opinion that this second ground of the motion must be granted, because § 1 of the Act of Congress approved March 3, 1875, which is found in the United States Compiled Statutes of 1901 at page 508, expressly provides that no Federal Court shall have cognizance of any suit unless such suit might have been prosecuted in such Federal court by the assignor if no assignment had been made.

The third ground of the motion is based upon the claim that §§ 3 and 4 of the complaint contain allegations that are immaterial and do not state the ultimate facts as required by the Code of Civil Procedure. The court is of the opinion that this ground is not well taken, and the third ground of the motion is therefore denied.

The fourth ground of the motion is that the court strike § 5 from the complaint upon the ground that it is a premature effort to meet an anticipated defense of the defendant. This court is of the opinion that this point is well taken, and § 5 is ordered stricken from the complaint.

The fifth ground of the motion is that § 6 of the complaint should be stricken upon the ground that it sets forth a tort in an apparent effort to overcome the obstacle of nonassignability, thus enabling the plaintiff to sue in this court upon the causes of action stated in the complaint, when from the complaint it-

Porto Rico Fruit Union v. New York & P. R. S. S. Co.

self it is clear that the liability of the defendant, if any, is for a breach of contract and not for tort. The court is of the opinion that the allegations in § 6 are inconsistent with the allegations of the other paragraphs of the complaint, and therefore § 6 should be stricken.

The defendant also moves the court to strike the word "seal" in § 7 of the complaint, for the reason that the use of a seal is not required in Porto Rico in the case of a private contract and is useless and gives no additional sanctity to a private document. The court thinks that this portion of the motion should be denied. Even if a seal were used unnecessarily in these assignments, it is not improper for a complaint so to allege and set forth.

The seventh ground is that § 8 should be stricken upon the ground that the allegations contained therein are immaterial and that they are redundant. The court does not find in the motion any specification of the alleged immateriality and the alleged redundancy, and is of the opinion that it is the duty of defendant's motion to strike to set forth such specifications in its motion. Therefore the seventh ground of the motion is denied.

The eighth and last ground of the motion is that § 9 be stricken from the complaint upon the ground that it does not state the ultimate facts as required by the Code of Civil Procedure, because it sets forth allegations which are wholly immaterial, and because if it was a condition requisite to the plaintiff's right of action that the claims should have been filed with the defendant within a certain period, the fact that the defendant took no action on the said claims (assuming that they were filed as alleged), is an unnecessary and immaterial allega-

Porto Rico Fruit Union v. New York & P. R. S. S. Co.

tion and anticipates a possible defense on the part of the defendant. The court is of the opinion that this part of the motion is well founded, and § 9 is ordered stricken from the complaint.

It is ordered that the plaintiff may be allowed until the 25th day of July, 1922, in which to file an amended complaint which shall embody only the three causes of action, numbered 1, 2, and 5 in the present complaint. Failing to file such amended complaint, the suit will be dismissed at the cost of the plaintiff.

To this order counsel for the plaintiff and counsel for the defendant both except.